1  Stephen M. Doniger, Esq. (SBN 179314)
2  Email: stephen@donigerlawfirm.com
   Scott A. Burroughs, Esq. (SBN 235718)
3  Email: scott@donigerlawfirm.com
4  **DONIGER LAW FIRM, APC**
   300 Corporate Pointe, Suite 355
5  Culver City, California 90230
6  Telephone: (310) 590-1820
   Facsimile:  (310) 417-3538
7

8  Attorneys for Plaintiff

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  L.A. PRINTEX INDUSTRIES, INC., a     Case No.:  cv08-07085 DDP (Ex)
    California Corporation
13                                       **FIRST AMENDED COMPLAINT
14  Plaintiff,                           FOR:**

15  vs.                                  **1. COPYRIGHT INFRINGEMENT;**
                                         AND
16  AEROPOSTALE, a Delaware
17  Corporation; CHARLOTTE RUSSE, a      **2. VICARIOUS AND/OR
    California Corporation; KOHLS, a     CONTRIBUTORY COPYRIGHT
18  Wisconsin Corporation; MS. BUBBLES,  INFRINGMENT.**
    a California Corporation; UNGER
19  FABRIK, LLC, a California Corporation; <u>Jury Trial Demanded</u>
20  and DOES 1 through 10,

21

22  Defendants.

23

24

25       L.A. Printex Industries, Inc. ("Plaintiff"), by and through its undersigned

26  attorneys, hereby prays to this honorable Court for relief based on the following:

27

28

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Customers of Plaintiff, including Defendants herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business, including advertising, in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331(m), 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.  Plaintiff L.A. Printex Industries, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3270 East 26th Street, Vernon, California 90023.

5.  Plaintiff is informed and believes and thereon alleges that Defendant AEROPOSTALE, Inc. ("AEROPOSTALE") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 112 West 34th Street, New York City, NY 10120 and is doing business in and with the State of California.

6.  Plaintiff is informed and believes and thereon alleges that Defendant CHARLOTTE RUSSE, Inc. ("CHARLOTTE RUSSE") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 4645 Moreno Blvd., San Diego, CA 92117, and is doing business in and with the State of California.

7.  Plaintiff is informed and believes and thereon alleges that Defendant KOHLS DEPARTMENT STORE, Inc. ("KOHLS") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at N56 W 17000 Ridgewood Drive, Menomonee Falls, WI 53051 and doing business in and with the State of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendant MS. BUBBLES, INC. ("MS. BUBBLES") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2731 Alameda Street, Los Angeles, CA 90058, and is doing business in and with the State of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant UNGER FABRIK, LLC ("UNGER") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2857- A E. Pico Blvd, Los Angeles, CA, 90023, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of

garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted Design No. G70132 without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. G70132

13. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number G70132 ("Subject Design") (a copy of the Subject Design is attached hereto as Exhibit 1).

14. Plaintiff applied for and received copyright registration for the Subject Design on December 19, 2005, with the Subject Design being granted the assignment of Registration No. VA 1-344-918 (a copy of which is attached hereto as Exhibit 2). Plaintiff has never assigned, transferred, or given up any ownership interest in the Subject Design.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant MS. BUBBLES created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, the Subject Design, and that the garments comprised of that fabric were sold to the public by AEROPOSTALE and other yet-unnamed defendants. An exemplar of these garments is attached hereto as Exhibit "3". Exhibit "3" is not meant to be inclusive of all cuts and styles of said garments.

16. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant UNGER created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, the Subject Design, and that the garments comprised of that fabric were sold to the public by KOHLS, CHARLOTTE RUSSE and other yet-unnamed defendants. An exemplar of these garments is attached hereto as Exhibit "4". Exhibit 4 is not meant to be inclusive of all cuts and styles of said garments.

17. Plaintiff is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters from Plaintiff, Defendants continued to sell Infringing Garments in its retail stores in violation of Plaintiff's rights as the copyright proprietor and owner of the Subject Design.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants, and Each)

18. Plaintiff repeats, realleges and incorporates herein by reference, as though fully set forth, the allegations contained in Paragraphs 1 through 17, inclusive, of this Complaint.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; and (c) access to Plaintiff's strike-offs and samples.

20. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by

1   producing, distributing and/or selling Infringing Garments through a nationwide

2   network of retail stores and through on-line websites.

3        22. Due to Defendants' acts of infringement, Plaintiff has suffered substantial

4   damages to its business in an amount to be established at trial.

5        23. Due to Defendants' acts of infringement, Plaintiff has suffered general and

6   special damages in an amount to be established at trial.

7        24. Due to Defendants' acts of copyright infringement as alleged herein,

8   Defendants, and each of them, have obtained direct and indirect profits they would

9   not otherwise have realized but for their infringement of the Subject Design. As

10  such, Plaintiff is entitled to disgorgement of Defendant's profits directly and

11  indirectly attributable to Defendant's infringement of the Subject Design in an

12  amount to be established at trial.

13       25. Plaintiff is informed and believes and thereon alleges that Defendants, and

14  each of them, have continued to import, manufacture, cause to be manufactured

15  and/or sell Infringing Garments after Plaintiff demanded that they cease and desist

16  from engaging in same. Therefore, Defendants' acts of copyright infringement as

17  alleged above were, and continue to be, willful, intentional and malicious, subjecting

18  Defendants, and each of them, to liability for statutory damages under Section

19  504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars

20  ($150,000) per infringement. Further, Defendants', and each of their, willful and

21  intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject

22  Design renders Defendants, and each of them, liable for statutory damages as

23  described herein. Within the time permitted by law, Plaintiff will make its election

24  between actual damages and statutory damages.

25  ///

26  ///

27  ///

28

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All
Defendants, and Each)

26. Plaintiff repeats, realleges and incorporates herein by reference as though
fully set forth the allegations contained in Paragraphs 1 through 25, inclusive, of this
Complaint.

27. Plaintiff is informed and believes and thereon alleges that Defendants
knowingly induced, participated in, aided and abetted in and profited from the illegal
reproduction and/or subsequent sales of garments featuring the Subject Design as
alleged hereinabove.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and
each of them, are vicariously liable for the infringement alleged herein because they
had the right and ability to supervise the infringing conduct and because they had a
direct financial interest in the infringing conduct.

29. By reason of the Defendants', and each of their, acts of contributory
infringement as alleged above, Plaintiff has suffered and will continue to suffer
substantial damages to its business in an amount to be established at trial, as well as
additional general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein,
Defendants, and each of them, have obtained direct and indirect profits they would
not otherwise have realized but for their infringement of the Subject Design. As
such, Plaintiff is entitled to disgorgement of Defendants' profits directly and
indirectly attributable to Defendants' infringement of the Subject Design, in an
amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and
each of them, have continued to manufacture and/or sell Infringing Garments after
Plaintiff demanded that they cease and desist from engaging in same. Therefore,

Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1.  With Respect to Each Claim for Relief

    a.  That Defendants, their agents and servants be enjoined from selling product, or otherwise, infringing Plaintiff's copyright in the Subject Design;

    b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

    d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    e.  That Plaintiff be awarded the costs of this action; and

    f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 26, 2008                     **DONIGER LAW FIRM APC**


                                             By: /S/ Stephen M. Doniger
                                             Stephen M. Doniger, Esq.
                                             Attorneys for Plaintiff
                                             L.A. PRINTEX INDUSTRIES, INC.

10
COMPLAINT



G70132

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-344-918**

EFFECTIVE DATE OF REGISTRATION

DEC 1 9 2005

---

**1**

TITLE OF THIS WORK ▼
GEOMETRIC (GROUP M)

NATURE OF THIS WORK ▼
TEXTILE DESIGN

Previous or Alternative Titles ▼
G70130, G70131, G70132, G70133, G70134, G70135, G70136, G70137, G70138, G70139, F60257, F60258, F60269

Publication as a Contribution

---

**2**

**a**

NAME OF AUTHOR ▼
E.A. PRINTEX INDUSTRIES, INC.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes    ☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in USA

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NOTE

Nature of Authorship
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b**

Name of Author ▼
E.A. PRINTEX INDUSTRIES, INC.

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
OR { Citizen of _____
Domiciled in USA

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

Nature of Authorship
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year 2005

**b** Date and Nation of First Publication of This Particular Work
Month DECEMBER    Day 07    Year 2005
Nation USA

---

**4**

COPYRIGHT CLAIMANT(S)
E.A. PRINTEX INDUSTRIES, INC.
1231 E. 26TH ST., TEXSERT, CA 90023

APPLICATION RECEIVED
DEC 1 9 2005
ONE DEPOSIT RECEIVED
DEC 1 9 2005
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

# Exhibit
# "3"



# Exhibit
## "4"



