1   DEBORAH F. SIRIAS, SB# 102893
      E-Mail: sirias@lbbslaw.com
2   THOMAS S. KIDDE, SB# 61717
      E-Mail: kidde@lbbslaw.com
3   ROBERT M. COLLINS, SB #254915
      E-Mail: rcollins@lbbslaw.com
4   **LEWIS BRISBOIS BISGAARD & SMITH** LLP
    221 North Figueroa Street, Suite 1200
5   Los Angeles, California 90012
    Telephone: 213.250.1800
6   Facsimile: 213.250.7900

7   Attorneys for Defendant
    MS. BUBBLES, INC.

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AEROPOSTALE, a Delaware corporation; CHARLOTTE RUSSE, a California corporation; KOHLS, a Wisconsin corporation; MS. BUBBLES, a California corporation; RAD CLOTHING, a California corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV08-07085 DDP (Ex)<br>The Honorable Dean D. Pregerson<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW OF DEFENDANT MS. BUBBLES, INC.'S AND AEROPOSTALE, INC.**<br><br>**[FILED CONCURRENTLY WITH MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS MS. BUBBLES, INC., AND AEROPOSTALE, INC.]**<br><br>Date:   May 3, 2010<br>Time:   10:00 a.m.<br>Courtroom: 3<br><br>Discovery Cut-off:   March 31, 2010<br>Pre-Trial Conf.:   June 7, 2010<br>Trial Date:   June 15, 2010<br>Action Filed:   October 27, 2008 |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-5369-6261.1

## UNCONTROVERTED FACTS

| Uncontroverted Fact | Evidence In Support |
|---|---|
| 1.    Plaintiff L.A. Printex is a Los Angeles-based printing mill. | First Amended Complaint (hereinafter "FAC"), Page 2, attached as Ex. "1" to the Sirias Decl. |
| 2.    L.A. Printex markets textile designs allegedly created by its in-house design team for use on fabrics to the apparel industry. | FAC, P. 2. |
| 3.    L.A. Printex purports to have created "original" textile designs using basic computer programs. | FAC, Page 2; Declaration of Jae S. Nah In Support of In Support Of Plaintiff L.A. Printex's Motion for Summary Adjudication (ECF 48)  (hereinafter "Nah Decl."), ¶4. |
| 4.    L.A. Printex groups designs into "collections" based primarily, if not exclusively, upon their creation date, and submits these collections for registration with the Copyright Office. | February 11, 2010, Deposition of Jae S. Nah (hereinafter "Nah Depo.") Page 56, Line 8-57, Line 24; Page 72, Line 6-10 attached as Ex. "2" to the Declaration of Deborah F. Sirias (hereinafter "Sirias Decl.") |
| 5.    L.A. Printex has filed dozens of lawsuits in the past several years for the alleged copyright infringement of those designs. | See LexisNexis CourtLink Printout of Copyright Infringement actions filed by L.A. Printex from 2004 - Present, attached as Ex. "A" to the Declaration |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Uncontroverted Fact | Evidence In Support |
|---|---|
| | of Robert M. Collins (hereinafter "Collins Decl."); Nah Depo., Page 43, Line 21 – Page 44, Line 6.-43. |
| 6.      Defendant Ms. Bubbles is a Los Angeles based wholesaler of women's and men's apparel and has been in the fashion industry for over 17 years. | FAC, ¶ 13; Declaration of Sanjiv Chopra (hereinafter "Chopra Decl."), ¶4. |
| 7.      Aeropostale is a mall-based, specialty retailer of casual apparel and accessories, principally targeting 14 to 17 year-old young women and men through its Aeropostale® stores. | Declaration of Colette Stanford (hereinafter "Stanford Decl."), ¶3. |
| 8.      Aeropostale provides customers with a focused selection of high-quality, active-oriented, fashion and fashion basic merchandise. | Stanford Decl., ¶3. |
| 9.      Aeropostale sources, markets and sells products bearing its own brands and marks. | Stanford Decl., ¶4. |
| 10.     During mid 2006 through early 2007, Aeropostale did not typically design printed shirts such as the garment that is the subject of this lawsuit. | Stanford Decl., ¶4. |
| 11.     In those instances where Aeropostale relied on the design of a vendor, such as | Stanford Decl., ¶4. |

4851-5369-6261.1

3

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Uncontroverted Fact | Evidence In Support |
|---|---|
| Ms. Bubbles, the vendor provided Aeropostale with sample garments. | |
| 12.    Aeropostale provided specifications (size, configuration, color, quantities) and place orders with the vendors. | Stanford Decl., ¶4. |
| 13.    Vendors, such as Ms. Bubbles, agreed to manufacturing or vendor terms, which included representations and warranties by the vendor and indemnification for any claims that related to the products (including copyright and trademark claims). | Stanford Decl., ¶4. |
| 14.    G70132 was registered by L.A. Printex with the United States Copyright Office on December 19, 2005 along with twelve other designs, as part of a collective work identified by L.A. Printex as "Geometric (Group 04)." Geometric (Group 04) was collectively assigned U.S. Copyright No. VA 1-344-918. | FAC, ¶ 14; See December 19, 2005, Copyright Registration for Geometric Group 4 and Deposit Materials (hereinafter "Copyright Registration") attached as Ex. "3" to the Sirias Decl. |
| 15.    The image registered by L.A. Printex with the United States Copyright Office was taken by Cindy Song from Adobe Photo Shop 7.0. | See March 24, 2010, Deposition of Cindy Song (hereinafter "Song Depo."), Page 40, Lines 9-25; attached as Ex. "6" to the Sirias Decl; Adobe Photosystems 7.0 Floral Ornament 4 attached as Ex. "11" to the Sirias Decl. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Uncontroverted Fact | Evidence In Support |
|---|---|
| 16.    Ms. Song used Floral Ornament 4 from Adobe 7.0 to create designs that were included with the deposit material for the registration at issue in this lawsuit, VA 1-344-918. | Song Depo, Page 40, Lines 9-25; Floral Ornament 4 image attached as Exhibit "4" to the Sirias Decl; Adobe Photosystems 7.0 Floral Ornament 4. |
| 17.    Per the terms of the non-exclusive End User License Agreement included with Adobe 7.0, the software "Clip Art" images, like the Floral Ornament 4 image used to make the above pictured Snowflake Artwork, are the intellectual property of Adobe Systems Incorporated and end users like L.A. Printex are prohibited from asserting or seeking intellectual property rights in those images. | See Adobe 7.0 End User License Agreement (hereinafter "End User Agreement") attached as Ex. "5" to the Sirias Decl. |
| 18.    The End User License Agreement prohibits end users from asserting intellectual property rights in works created that are derivative of the "Clip Art" images. | End User Agreement, ¶¶ 1, 2.5, and 3. |
| 19.    Part of the deposit material for the Snowflake Artwork includes a direct copy of the Adobe 7.0 Floral Ornament 4 depicted in adjacent rows. | Song Depo, Page 40, Lines 9-25; Adobe Photosystems 7.0 Floral Ornament 4. |
| 20.    The registration for VA 1-344-918 fails to state that the Snowflake Artwork is a derivative of Floral Ornament 4. | Copyright Registration. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Uncontroverted Fact | Evidence In Support |
|---|---|
| 21.    There is little, if any, correlation between the Snowflake Artwork and the other twelve designs that comprise Geometric (Group 04). | Nah Depo., Page 56, Line 8-57, Line 24; Page 72, Line 6-10; Copyright Registration. |
| 22.    L.A. Printex sold – *i.e.*, published – the Snowflake Artwork (G70132) separately to its customers. | Nah Depo, Page 90, Line 4 – Page 91, Line 3; L.A. Printex document Bates Numbered LAP 00066 attached as Ex. "7" to the Sirias Decl.; L.A. Printex responses to MBI Interrogatory No. 4, attached as Ex. "8" to the Sirias Decl. |
| 23.    Aeropostale's total incremental profits pertain to a variety of business activities that have nothing to do with the alleged infringement of the subject pattern. Such activities include the (i) operation of retail stores, (ii) brand creation, management, and related marketing/advertising, (iii) design of the apparel, and (iv)  financial operations. | February 17, 2010, Expert Report of David Nolte, Page 4 attached as Ex. "9" to the Sirias Decl. |
| 24.    When L.A. Printex used Adobe 7.0 it agreed to abide by the terms of the End User License Agreement included with the software. | End User Agreement, section entitled "NOTICE TO USER", and ¶2. |
| 25.    The Adobe 7.0 End User Agreement states that "BY USING ALL OR ANY PORTION OF THE SOFTWARE YOU | End User Agreement, section entitled "NOTICE TO USER", and ¶2. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Uncontroverted Fact | Evidence In Support |
|---|---|
| ACCEPT ALL THE TERMS AND CONDITIONS OF THIS AGREEMENT…" | |
| 26.    The Adobe 7.0 End User Agreement states, "As long as you comply with the terms of this End User License Agreement (the "Agreement"), Adobe grants to you a non-exclusive license to use the Software for the purposes set forth below." | End User Agreement, ¶2. |
| 27.    The Adobe 7.0 End User Agreement states, "'Software' means… (ii) digital images, stock photographs, clip art, sounds or other artistic works ('Stock Files')…" | End User Agreement, ¶1. |
| 28.    The End User Agreement indicates that end users may, "…display, modify, reproduce, and distribute any of the Stock Files included with the Software." | End User Agreement, ¶2.5. |
| 29.    The Adobe 7.0 End User Agreement states, "[T]he Software is protected by copyright, including without limitation by United States Copyright Law…" | End User Agreement, ¶3. |
| 30.    The Adobe 7.0 End User Agreement states, "Software and any copies that [L.A. Printex] [is] authorized by Adobe to make are the intellectual property of and are owned by Adobe Systems Incorporated and | End User Agreement, ¶3. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Uncontroverted Fact | Evidence In Support |
|---|---|
| its suppliers", and that "[e]xcept as expressly stated herein, this Agreement does not grant you any intellectual property rights in the Software and all rights not expressly granted are reserved by Adobe." | |
| 31.    L.A. Printex purports that its practice is to "show" its designs together to its clients by making its sample directory available to its customers for viewing at its showroom. | Nah Depo., Page 78, Line 15 – Page 79, Line 4; LA Printex's response to MBI Interrogatory No. 4. |
| 32.    The only evidence produced by L.A. Printex in this case indicates that it sold – *i.e.*, published – the Snowflake Artwork (G70132) separately to its customers. | Nah Depo, Page 90, Line 4 – Page 91, Line 3; L.A. Printex produced document Bates Stamped LAP 00066; L.A. Printex's response to MBI Interrogatory No. 4. |
| 33.    L.A. Printex claims that it is entitled to profits realized by Aeropostale through the sale of allegedly infringing garments bearing the Snowflake Artwork. | L.A. Printex's First Supplemental Federal Rule of Civil Procedure Rule 26(a) disclosures, Page 5 attached as Ex. "10" to the Sirias Decl. |
| 34.    Profits realized by Aeropostale through the sale of allegedly infringing garments bearing the Snowflake Artwork are confidential pursuant to the operative Protective Order in this case, but Aeropostale acknowledges that they are in | Stanford Decl., ¶6. |

4851-5369-6261.1

SEPARATE STATEMENT AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Uncontroverted Fact | Evidence In Support |
|---|---|
| the six figures. | |
| 35.   L.A. Printex argues that "[p]er 17 U.S.C. § 504(b), 'the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses.'" | L.A. Printex's First Supplemental Federal Rule of Civil Procedure Rule 26(a) disclosures, Page 5. |

## CONCLUSIONS OF LAW

1.     The Cause of Action against Ms. Bubbles for Copyright Infringement under 17 U.S.C. Section 101 *et seq.*, is not viable because Plaintiff L.A. Printex does not own a copyright in the "Snowflake Artwork" at issue.

2.     The Cause of Action against Ms. Bubbles for Vicarious and/or Contributory Copyright Infringement under 17 U.S. C. Section 101 *et seq.*, is not viable because Plaintiff L.A. Printex does not own a copyright in the "Snowflake Artwork" at issue.

3.     L.A. Printex's copyright registration VA 1-344-918 is invalid due to fraud on the copyright office.

4.     L.A. Printex has no valid copyright in the "Snowflake Artwork" because the "Snowflake Artwork" was registered as part of a collection, but published separately from that collection.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      5.      L.A. Printex is not entitled to recover lost profits under Section 504(b)

2    attributable to Aeropostale's retail sales of garments bearing the allegedly infringing

3    "Snowflake Artwork" because L.A. Printex cannot establish the requisite causal

4    nexus between the alleged infringement and Aeropostale's profits.

5

6    DATED: April 2, 2010          **LEWIS BRISBOIS BISGAARD & SMITH** LLP

7

8                                  By:    /s Deborah F. Sirias
                                          Deborah F. Sirias
9                                         Thomas S. Kiddé
10                                        Robert M. Collins
                                          Attorneys for Defendant
11                                        MS. BUBBLES, INC.

12
     DATED: April 2, 2010          **KATTEN MUCHIN ROSENMAN** LLP
13

14
                                   By:  /s Cory A. Baskin
15                                      Kristin Holland
                                        Cory A. Baskin
16                                      Attorneys for Defendant AEROPOSTALE,
                                        INC.
17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW