JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>AEROPOSTALE, a Delaware corporation; CHARLOTTE RUSSE, a California corporation; KOHLS, a Wisconsin corporation; MS. BUBBLES, INC., a California corporation; RAD CLOTHING, a California corporation; and DOES 1 through 10,<br><br>           Defendants. | CASE NO. CV 08-07085 DDP (Ex)<br><br>**JUDGMENT** |

## **JUDGMENT**

On May 3, 2010, the Motion for Partial Summary Judgment (Dkt. No. 48) filed by plaintiff L.A. Printex Industries, Inc. ("Plaintiff") and the Motion for Summary Judgment (Dkt. No. 57) filed by defendants Ms. Bubbles, Inc. and Aeropostale, Inc. ("Defendants"), came on for hearing. The Court heard oral argument from counsel for Plaintiff and Defendants and took the motions under

1. submission.

2. On May 5, 2010, after full consideration of the motions, the oppositions and replies thereto, all admissible evidence and authorities submitted by counsel, and oral argument thereon, the Court entered an Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment (the "Order," Dkt. No. 80). Pursuant to the Order, the Court found that Plaintiff had not produced competent evidence establishing that it holds a valid copyright registration for its G70132 pattern, and therefore could not, as a matter of law, prevail on its claims of copyright infringement against Defendants.

**ACCORDINGLY, THE COURT HEREBY ENTERS JUDGMENT FOR DEFENDANTS AS FOLLOWS;**

1. Plaintiff shall take nothing by way of its claims for copyright infringement against Defendants.

2. Plaintiff's First Claim for Relief for copyright infringement against Defendants is hereby dismissed with prejudice.[1]

3. Plaintiff's Second Claim for Relief for vicarious and/or contributory copyright infringement against Defendants is hereby dismissed with prejudice.

---

[1] In a written objection to Defendants' proposed form of judgment, Plaintiff L.A. Printex ("LAP") contends that the Court lacks subject matter jurisdiction over this case (because it concluded that LAP had not produced competent evidence establishing that it holds a valid copyright registration for the G70132 pattern), and thus, that it cannot dismiss LAP's copyright infringement claims "with prejudice." (Dkt. No. 82.) LAP is mistaken, and in arguing its position, ignores controlling Supreme Court precedent. See Reed Elsevir, Inc. v. Muchnick, 130 S. Ct. 1237, 1247 (2010) (holding that Copyright Act's registration requirement is a precondition to filing a copyright infringement claim that does not restrict a federal court's subject-matter jurisdiction with respect to infringement suits involving unregistered works).

4.   As the prevailing parties in this action, Defendants shall each be entitled to recover their taxable costs of suit in accordance with Local Rule 54-3, *et seq*.

5.   Defendants may file a regularly noticed a motion seeking recovery of their attorneys' fees and non-taxable expenses pursuant to 17 U.S.C. § 505, in accordance with Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54-12.  The Court expresses no view on whether Defendants are entitled to such fees.

Dated:  May 11, 2010

*[signature]*

United States District Judge