O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AEROPOSTALE, a Delaware corporation; CHARLOTTE RUSSE, a California corporation; KOHLS, a Wisconsin corporation; MS. BUBBLES, a California corporation; RAD CLOTHING, a California corporation,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 08-07085 DDP (Ex)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR ORDER AUTHORIZING DEPOSITION**<br><br>[Motion filed on 1/8/12 ] |

　　　On Wednesday, January 8, 2013, Defendant Aeropostale, Inc. filed an ex parte Application for Order Authorizing Deposition of Lindsay Friedman Sword. Defendant asks that the court rule on its ex parte application within two days, by Friday, January 11, 2013, and to allow Defendant to depose Ms. Sword in New York on the following Monday, January 14, 2013.

1    Ex parte relief is generally disfavored when relief may be had
2 through a regularly noticed motion.  It will be granted only upon
3 an adequate showing of good cause or irreparable injury to the
4 party seeking relief.  <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>,
5 883 F.Supp. 488, 492 (C.D. Cal. 1995).  The applicant must also
6 show that it is without fault in creating the crisis that requires
7 ex parte relief, or that the crisis occurred as a result of
8 excusable neglect.  <u>Id.</u>
9    Aeropostale has not demonstrated that ex parte relief is
10 warranted.  This court, following a joint request by counsel, set
11 pre-trial and trial dates approximately three months ago, on
12 October 9, 2012.  (Dkt. No. 127.)  At no time during the
13 intervening period did Defendant seek the relief it now requests on
14 an ex parte basis.  Nowhere in its application does Aeropostale
15 provide any explanation why it waited until three business days
16 before the relevant deadline to seek this court's authorization.
17    Furthermore, it does not appear that Aeropostale would be
18 prejudiced by the denial of this application.  Defendant
19 acknowledges that it identified Ms. Sword's predecessor as an
20 expert on April 19, 2010 (App. at 5), <u>after</u> the close of discovery.
21 Aeropostale also argues that Ms. Sword's expert testimony "will
22 cover the same topics [for which her predecessor] was designated."
23 (App. at 6.)  Aeropostale specifically identifies these topics as
24 "branding, design and design apportionment related issues." (App.
25 at 5.)  Defendant's April 19 designation, however, identifies Ms.
26 Sword's predecessor as an expert on "branding, business model,
27 market appeal, and customer base."  (Declaration of Cory A. Baskin
28 in Support of Application, Ex. 1 p. 3:2.)  Aeropostale appears to

1  seek authorization for Ms. Sword to testify to matters beyond those
2  identified in its designation of her predecessor.   Fed. R. Civ. P.
3  26, 37.
4     For these reasons, Defendant's ex parte application is DENIED.

8  IT IS SO ORDERED.

11 Dated: January 11, 2013

                                       DEAN D. PREGERSON
                                       United States District Judge

3